IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FREDERICK CUMMINGS,

    Plaintiff,

v.                                                      CASE NO. 1:99-cv-00110-MP

AMERICAN MEDICAL ASSOCIATES INC, CHASE HOME FINANCE LLC, DAVID E MORRELL,

    Defendants.

_____/

## **O R D E R**

This matter is therefore before the Court on the following motions:

| | |
|---|---|
| 344 | First Motion to Vacate Marshal's Deed, Filed by Chase Home Finance |
| 349 | Motion to Cancel Marshal's Deed, etc., Filed by Mr. Morrell |
| 356 | Motion for Leave to File Reply, Filed by Chase Home Finance |
| 358 | Motion to Intervene, Filed by Chase Home Finance |
| 369 | Motion for Summary Judgment, by Plaintiff |
| 371 | Motion to Strike, Filed by Chase Home Finance |
| 388 | Motion to Compel, Filed by Mr. Morrell |

As an initial matter, at Doc. 390, Chase Home Finance filed a notice that its dispute with Plaintiff has been completely settled and pursuant to that settlement, Chase Home Finance, LLC, would withdraw its motion to vacate (Doc. 344) and its motion to intervene (Doc. 358). Thus, these motions are withdrawn and shall be terminated. Additionally, the settlement renders the motions at Doc. 356 and Doc. 371 moot. They are denied as such.

Also, in Doc. 396, an order entered January 28, 2010, the Court instructed the parties that Doc. 369, Plaintiff's Motion for Summary Judgment, would be taken under Advisement on February 23, 2010, and directed the parties to file any materials to be considered by that date. No additional materials have been filed as of this date.

We turn therefore to Mr. Morrell's challenge to the Marshal's sale that occurred in this case, Doc. 349, and the Plaintiff's motion for summary judgment on that challenge, Doc. 369. First, certain issues have been decided against Mr. Morrell by the State Court. In the order at Doc. 362, the undersigned stayed the federal case to allow the state court to consider certain issues, as follows:

> Accordingly, the Court will stay the instant matter to allow the parties to return to state court to resolve the homestead character of the property, the priority of Cummings and Chase's lein's and any other factual matter other than the precise issue of whether the U.S. Marshal followed proper procedures in the manner in which the sale was noticed and conducted. The undersigned will adjudicate those narrow questions, and the ultimate issue of whether the Marshal's sale should be vacated, after the other factual issues are adjudicated by the state court.

As shown in Exhibit 1 to Doc. 386, the State Court has entered judgment against Mr. Morrell on all of his claims in the state action. Thus, with regard to the factual issues of the homestead character of the property and the priority of any liens, summary judgment is appropriate in the instant court in favor of Plaintiff. With regard to the remaining issues, the Court finds that summary judgment should be granted in part but that further briefing is required on one issue.

The property involved in this claim was owned by David E. Morrell ("Morrell") originally, but was sold by the U.S. Marshal on or about February 22, 2006, in order to satisfy a Judgment obtained by Frederick Cummings ("Cummings") against Morrell in the above-styled action. At the sale, Cummings, as the sole bidder, credit bid $1,000 for the Florida Property. He took title to the Florida Property pursuant to a Marshal's deed issued on or about March 15, 2006. (Marshal's deed, Exhibit A). The state court action referred to above was the quiet title action that Plaintiff filed after the Marshal's sale. As noted above, the state court entered judgment against Mr. Morrell on all claims. Morrell's remaining claims before the undersigned

are that the notice of the sale was insufficient, that the sale price was grossly inadequate, and that he had already satisfied the judgment against him.

With regard to the claim of inadequate notice, the Court finds that his claim is without merit. Post judgment execution on a Federal Judgment is governed by Rule 69, Fed. R. Civ. P. which provides in pertinent part, "the procedural execution ... must accord with the procedure of the state where the Court is located, but a federal statute governs to the extent it applies." Since no federal statute applies to the execution in this case, the Court must look to Florida law to establish the appropriate execution procedure.

The procedure for notice of execution sales in Florida is established by Fla. Stat. § 56.21 which requires two types of notice. First, notice of all sales must be advertised once each week for four successive weeks in a newspaper published in the county in which the sale is to take place. Secondly, on or before the date of the first publication of the notice of sale a copy of the notice must be "furnished by certified mail to the attorney of record of the judgment debtor, or to the judgment debtor at the judgment debtor's last known address if the judgment debtor does not have an attorney of record."

The undisputed facts, as set forth in Doc. 371, the statement of undisputed facts filed with Plaintiff's motion for summary judgment, establish that Plaintiff in this case met those requirements. That the first requirement, notice by advertisement, was met is demonstrated by Ex. A to Morrell's own motion which demonstrates that the Notice of Sale was published in the Osceola Gazette on January 21, January 28, February 4, and February 11, 2006. (David Morrell's Motion to Cancel Marshal's Deed, etc., Ex. A, docket no. 349)

The requirement of notice by certified mail to Morrell's last known address was not only met but exceeded. Morrell's last known address was the address listed as his address of record in

this action, 1440 Portmarnock Drive, Alpharetta Georgia. On January 17, 2006, a copy of the notice was sent by certified mail to that address. (Affidavit of John Hayter, page 3, para. 14, and Ex. F. 1-F. 4, Doc. 351) That, alone, was sufficient to meet the requirements of Fla. Stat. § 56.21, and therefore Fed. R. Civ. P. 69.

In addition, Plaintiff, on the same date, sent notice by certified mail to Morrell at the address he now claims was his homestead, 527 Campus Street, Celebration, Florida, and to an additional address at which it was known Morrell had kept an office, 3070 Windward Plaza Suite F345, Alpharetta Georgia. (Affidavit of John Hayter, page 3, para. 14, and Ex. F. I-F. 4, Doc. 351). The certified mail to Morrell's address of record was returned "Return to Sender, Unclaimed, Unable to Forward." The certified mail to his alleged homestead, 527 Campus Street, Celebration, Florida, was returned "Return to Sender, Not Deliverable as Addressed, Unable to Forward." The letter to Windward Plaza was returned marked "Refused." (Affidavit of John Hayter, page 4, para.15, and Ex. F. 5-F. 6, Doc. 351) Plaintiff, however, went even beyond the multiple notices by certified mail in that Plaintiff also sent notice by non-certified mail to all three of the addresses. None of the non-certified mailings was returned. (Affidavit of John Hayter, page 3, para. 13, Doc. 351).

Thus, it is undisputed that Plaintiff met all procedural obligations under the statute. That Morrell may not actually have received the document is indisputably due to his own failures not to Plaintiff. Morrell's own explanation refutes his entitlement to relief based on claimed lack of notice. As Morrell, himself, states "due to the absence of home office personnel, hundreds of requests and certified letters, mail, etc. were not received, or answered." Thus Morrell does not deny the proper notice was sent, but simply claims he was too busy or did not have adequate personnel to attend to his mail. Obviously, the failure to attend to one's mail does not invalidate

a properly noticed sale. (David E. Morrell's Reply to Plaintiffs Memorandum In Opposition to Morrell's Motion To Cancel Marshall's Deed, page 2, para. 3, docket no. 363). Therefore, summary judgment in favor of Plaintiff is appropriate on the issue of proper notice.

With regard to the issue of whether the judgment had already been satisfied and whether the sale price was grossly inadequate, the Court requires the Plaintiff to file a response. In Doc. 343, Mr. Morrell filed a document entitled "Notice of Full Satisfaction of Final Judgment" in which he stated:

> Notice is hereby given that David E. Morrell, ("Morrell") defendant, in the above-named case, does hereby notify the Court that the Order and Judgment has been satisfied and paid in full. Morrell was attached to a $5045.45 (plus attorney's fees for a total of $134,184.21) claim filed by Frederick Cummings, ("Cummings"). (See Exhibit "A").

He then set out a series of transactions which he claimed settled the judgment. The Plaintiff never responded.

Then in Doc. 349 on page 9, Mr. Morrell refers to what he calls this "satisfaction payment" and claims that Plaintiff is attempting to "reap a false, illegal and duplicative windfall. He will have been paid once from the sale of the Georgia property, and additionally, now falsely and illegally from the Florida Property." In his response at Doc. 350 and the affidavit at Doc. 351, Plaintiff does not specifically address this argument, instead focusing its efforts on rebutting the argument that Mr. Morrell did not receive notice of the sale.

Later, in Doc. 363, Mr. Morrell states

> David E. Morrell has paid 100% plus interest of the judgment dated January 29,2002, by selling his second home located at 4140 Thunderbird Drive, Marietta, GA, and has filed a Notice of Full Satisfaction of Final Judgment with the US. Dist. Court, N.D. of Florida, Gainesville Division, Fulton County Court, and Osceola County Court. See Exhibit D to Morrell's Motion to Cancel Marshal's Deed, "Notice of Full Satisfaction of Final Judgment."

The Plaintiff has not specifically responded to this statement. For example in his motion for summary judgment, Doc. 369, the Plaintiff merely attacks Mr. Morrell's argument that he lacked notice of the sale, he does not write a single word regarding the satisfaction of judgment argument.

Finally, in Doc. 388, Mr. Morrell attempts to compel interrogatory answers from Max Olim, who Mr. Morrell claims is an attorney who actually collected the monies that satisfied the judgment. Mr. Olim is also mentioned prominently in the Notice at Doc. 343. The Plaintiff has not responded to that motion, and the Court abated that motion until after the state court action.

In order to ensure that equity is being done in this case, the Court requires a full accounting of the collection efforts undertaken by Plaintiff. The Court therefore directs Plaintiff to file a written notice specifically addressing the issue of whether Mr. Morrell has satisfied the judgment, including a listing of all collection activities undertaken and their results, and the amount, if any, still due under the judgment.

Accordingly, as set out above, it is hereby

**ORDERED AND ADJUDGED:**

Doc. 344, First Motion to Vacate Marshal's Deed, Filed by Chase Home Finance, and Doc. 358, Chase's Motion to Intervene have been withdrawn by Chase and should be terminated by the Clerk.

Doc. 356, Chase's Motion for Leave to File Reply, and Doc. 371, Chase's Motion to Strike, are denied as moot.

Doc. 369, Plaintiff's motion for summary judgment is granted with regard to the sufficiency of the notice of the Marshal's sale, but requires further briefing with regard to the other issues.

Plaintiff shall file a response by Friday, April 23, 2010, specifically addressing the issue of satisfaction of judgment, raised by Mr. Morrell. Mr. Morrell shall file a reply, if desired, by Friday, May 7, 2010. The motions at Docs. 349, 369 and 388 will be fully resolved after that date.

**DONE AND ORDERED** this  *6th*   day of April, 2010

          *s/Maurice M. Paul*
          Maurice M. Paul, Senior District Judge